IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY GRAZIANO,

        Petitioner,

v.                                                     Civil Action No. 2:13cv21
                                                      (JUDGE BAILEY)

WARDEN RUSSELL PURDUE,

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On March 14, 2013, the *pro se* petitioner, Anthony Graziano, an inmate at FCI Gilmer, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. On March 22, 2013, the petitioner filed his petition on the court-approved form. Dkt. No. 5. The petitioner alleges that he was punished and his good time credit was revoked without adequate due process following a disciplinary proceeding. *Id.* Further, the petitioner requests that the court expunge the incident report from his record. *Id.*

On March 29, 2013, the petitioner paid the requisite five dollar filing fee. Dkt. No. 8. Then, on April 1, 2013, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Dkt. No. 9. Accordingly, an Order to Show Cause was issued against the respondent. *Id.*

On April 23, 2013, the respondent filed a Motion to Dismiss or for Summary Judgment and Response to Show Cause Order and a Memorandum in Support with several attached

1

exhibits. Dkt. Nos. 14-15. On April 24, 2013, the Court issued a *Roseboro* notice. Dkt. No. 16. The petitioner filed a response on May 15, 2013. Dkt. No. 18.

## II. Facts

*A. Original Conviction and Sentence*

The petitioner has been a federal prisoner since 2003. *See* 1:02-cr-00307-NGG-4, Dkt. No. 612. On August 4, 2011, the petitioner was transferred from FCI Butner - Low to the Brooklyn House Residential Reenty Center (RRC). Dkt. No. 15-2, p. 9. On November 15, 2011, the petitioner was transferred to home confinement under supervision of the Brooklyn House RRC. *Id.* At the time, the petitioner was serving a one hundred eight (108) month sentence for Racketeering in violation of 18 U.S.C. §§ 1962(d), 1963, and 3551 et seq. *See* 1:02-cr-00307-NGG-4, Dkt. No. 612. His sentence was projected to end January 30, 2012, via good conduct time release. Dkt. No. 5, p. 12.

*B. Current Incident*

On November 21, 2011, the petitioner was arrested by the Drug Enforcement Agency and New York State Troopers while on home confinement. Dkt. No. 15-2, p. 2. Subsequently, on November 23, 2011, the petitioner received written notice that he was being charged with "Escape (Technical)" in violation of Prohibited Act 102 of the Bureau of Prisons' (BOP) Discipline Code. *Id.* at 17. The petitioner's arrest stemmed from new criminal allegations concerning Extortion and Interstate Commerce violations. *See* 1:12-cr-00050-CBA-1, Dkt. No. 1.

On November 25, 2011, the Center Discipline Committee (CDC) held a hearing on the escape charge. Dkt. No. 15-2 at 5. During this hearing the petitioner waived his right to a

representative and did not request witnesses. *Id.* at 17. The CDC found that the petitioner was guilty of the act as charged. *Id.* at 6. The CDC recommended that all available good conduct time for the petitioner be disallowed and that the petitioner complete his sentence in a more secure facility as sanctions. *Id.* As such, the Disciplinary Hearing Officer (DHO) removed the petitioner from the Brooklyn House RRC and noted the petitioner's loss of thirty-four (34) days of good conduct time and one hundred eighty (180) days of non-vested good conduct time. *Id.*

Subsequently, the petitioner filed appeals at the regional and national levels of the BOP's administrative remedy process and had those appeals denied. Dkt. No. 5. at 9-10. The government admits, that by doing so, the petitioner has exhausted his administrative remedies. Dkt. No. 15-1, p. 1.

*C. Federal Habeas Corpus*

**1. Petitioner's Contentions**

The petitioner alleges that the BOP violated his due process rights and the Privacy Act in handling his escape charge. Dkt. No. 5 at 10-11. Specifically, the petitioner claims that the BOP did not provide adequate notice of the charge, the charge is inaccurate, the charge lacks sufficient evidence, and maintaining a record of the charge infringes upon his rights. *Id.* For these alleged violations, the petitioner is seeking monetary damages, declaratory judgment, injunctive relief, and the expungement of this disciplinary action. *Id.*

**2. Government's Response**

The government argues either that the petition should be dismissed or that the government should be awarded summary judgment. Dkt. No. 15. The government supports these positions by arguing that the escape charges were in fact accurate, the petitioner's due

3

process rights were not violated, and the Privacy Act claim is improperly brought and without merit. *Id.* at 4-9.

### III. Standards of Review

*A. Motion to Dismiss*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley,* 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a

right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States,* 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal,* where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

### *B. Summary Judgment*

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. *See Blackledge v. Allison,* 431 U.S. 63, 80 (1977). So too, has the Fourth Circuit Court of Appeals. *Maynard v. Dixon ,* 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v.*

*Federal Deposit Ins. Corp.,* 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. *Anderson,* 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986).

## IV. Analysis

*A. Due Process Concerns*

The Supreme Court has identified due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; (5) the decision-maker must be impartial. *Wolff v. McDonnell,* 418 U.S.

539, 564-571 (1974).

First, in spite of the petitioner's claims, he was clearly provided with notice of the escape charge at least twenty-four hours before his disciplinary hearing as he acknowledged that he received written notice on November 23, 2011, and the hearing took place November 25, 2011. Dkt. No. 15-2 at 5. Furthermore, the petitioner waived his right to twenty-four hour notice. *Id.* at 11. Second, the CDC Report has a detailed description of the evidence taken directly from the Incident Report. *Id.* 15-2 at 6. The CDC Report also recommends disallowing all good conduct time and states the reason for the sanction as, "To encourage all residents residing at the Brooklyn House to obey all rules and regulations of the program." *Id.* Third, the petitioner was given the opportunity to call witnesses and present evidence, but the petitioner chose not to call any witnesses and provided a statement declaring his innocence of the alleged crime that led to his arrest. *Id.* at 5. It should be noted that the petitioner signed his initials next to each of these requirements on the CDC Report. *Id.* Fourth, while the petitioner is not illiterate and the matter does not appear to be complex, the petitioner was provided the opportunity to have a representative but waived that right. *Id.* The petitioner similarly initialed this waiver on the CDC Hearing Notice. *Id.* at 17. Fifth and finally, the petitioner does not allege and no evidence shows that the decision-maker was partial. Thus, the BOP provided the petitioner with adequate procedural due process pursuant to *Wolff*.

### B. Sufficiency of Evidence

"[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 455 (1985). The standard is satisfied if

7

there is some evidence supporting the conclusion reached by the disciplinary board. *Id.*

In *Hill*, a prison disciplinary board determined that three inmates violated prison rules by assaulting another inmate. The prison disciplinary board's conclusion was supported by little evidence: a "guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted. The guard saw three other inmates fleeing together down an enclosed walkway. No other inmates were in the area." *Hill,* 472 U.S. at 456. Despite little evidence supporting the conclusion, the Supreme Court held that the evidence was sufficient because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill,* 472 U.S. at 457.

In the instant case, the CDC, and consequently the DHO, relied largely on the Incident Report filed by Robyn Causey, the Facility Director of the Brooklyn House RRC. Dkt. No. 15-2 at 6. Her report included evidence of the petitioner's arrest from the DEA Headquarters Duty Officer and the petitioner's wife. *Id.* at 2. Thus, the DHO relied upon "some evidence" in concluding that the petitioner committed the charged offense and in revoking the petitioner's good conduct time.

It should also be noted that the petitioner does not contest the actual sufficiency of the evidence the DHO ultimately used but rather the accuracy of it. Dkt. No. 5 at 6. It is the opinion of the undersigned that the petitioner's claims in regard to the accuracy of the escape charge are entirely without merit. The BOP's Program Statement on Community Corrections and Correctional Contract Services clearly defines Escape as including "Escape Due to Community

8

Arrest" either for old or new criminal behavior. *See* Dkt. No. 15-2 at 23. Therefore, the undersigned can find no basis for the petitioner's § 2241 due process claims.

*C. Privacy Act Issues*

"[A] § 2241 habeas petition is not the appropriate vehicle for an alleged Privacy Act violation when . . . the claim does not implicate the duration of a sentence. *Blanton v. Warden*, 7:10-CV-00552, 2011 WL 1226010 (W.D. Va. Mar. 30, 2011) (citing *Jackson v. Federal Bureau of Prisons*, 538 F.Supp. 2d 194, 198 (D.C. Mar. 14, 2008) and *Smith v. U.S. Parole Com'n*, No. 7:05-cv-00120, 2005 WL 1594452, *2 (W.D. Va. June 29, 2005)). In addition to normal § 2241 allegations, the petitioner also suggests that the BOP has violated the Privacy Act by including inaccurate information in his file regarding this incident. In the instant case, however, the petitioner's sentence would not be impacted by the requested change to his prison file. Thus, the petitioner's Privacy Act claims are without merit. Furthermore, as discussed above, it is the opinion of the undersigned that the information contained in the petitioner's file is an accurate reflection of the incident. Therefore, the petitioner's Privacy Act claims must be dismissed.

## V. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss; Motion for Summary Judgment (Dkt. No. 14) be **GRANTED**, and the petitioner's §2241 petition (Dkt. No. 5) be **DENIED and DISMISSED WITH PREJUDICE**. Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to

timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: 6-17-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE