IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**ANTHONY GRAZIANO**,

    Petitioner,

v.                                                                        Civil Action No. 2:13-CV-21
                                                                  (Judge Bailey)

**WARDEN RUSSELL PURDUE,**

    Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 19]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on June 17, 2013 [Doc. 19]. In that filing, the magistrate judge recommended that this Court deny and dismiss with prejudice the petitioner's Motion Under 28 U.S.C. § 2241 [Docs. 1 and 5].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to timely file objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service was accepted on June 18, 2013 [Doc. 20]. The petitioner timely filed his objections on July 5, 2013 [Doc. 21]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* review. The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

### A. Conviction and Sentence

The petitioner has been a federal prisoner since 2003. See 1:02-cr-00307-NGG-4, Doc. 612. On August 4, 2011, the petitioner was transferred from FCI Butner - Low to the Brooklyn House Residential Reenty Center ("RRC"). [Doc. 15-2, p. 9]. On November 15, 2011, the petitioner was transferred to home confinement under supervision of the Brooklyn House RRC. Id. At the time, the petitioner was serving a one hundred eight (108) month sentence for Racketeering in violation of 18 U.S.C. §§ 1962(d), 1963, and 3551, *et seq.* See 1:02-cr-00307-NGG-4, Doc. No. 612. His sentence was projected to end January 30, 2012, via good conduct time release. [Doc. 5, p. 12].

### B. Current Incident

On November 21, 2011, the petitioner was arrested by the Drug Enforcement Agency and New York State Troopers while on home confinement. [Doc. 15-2, p. 2]. Subsequently, on November 23, 2011, the petitioner received written notice that he was being charged with "Escape (Technical)" in violation of Prohibited Act 102 of the Bureau of Prisons' ("BOP") Discipline Code. Id. at 17. The petitioner's arrest stemmed from new criminal allegations concerning Extortion and Interstate Commerce violations. See 1:12-cr-00050-CBA-1, Doc. 1.

On November 25, 2011, the Center Discipline Committee ("CDC") held a hearing on the escape charge. [Doc.15-2 at 5]. During this hearing, the petitioner waived his right to a representative and did not request witnesses. Id. at 17. The CDC found that the petitioner was guilty of the act as charged. Id. at 6. The CDC recommended that all available good conduct time for the petitioner be disallowed and that the petitioner complete his sentence in a more secure facility as sanctions. Id. As such, the Disciplinary Hearing Officer ("DHO") removed the petitioner from the Brooklyn House RRC and noted the petitioner's loss of thirty-four (34) days of good conduct time and one hundred eighty (180) days of non-vested good conduct time. Id. Subsequently, the petitioner filed appeals at the regional and national levels of the BOP's administrative remedy process, which denied those appeals. [Doc. 5. at 9-10]. The Government concedes that by doing so the petitioner has exhausted his administrative remedies. [Doc. 15-1, p. 1].

### C. Due Process Requirements

The Supreme Court has identified the following due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; and (5) the decision-maker must be impartial. **Wolff v. McDonnell**, 418 U.S. 539, 564-571 (1974).

First, in spite of the petitioner's claims, he was clearly provided with notice of the escape charge at least twenty-four hours before his November 25 disciplinary hearing by acknowledging that he received written notice on November 23, 2011. [Doc. 15-2 at 5]. Furthermore, the petitioner waived his right to twenty-four hour notice. Id. at 11. Second, the CDC Report has a detailed description of the evidence taken directly from the Incident Report. Id. 15-2 at 6. The CDC Report also recommends disallowing all good conduct time and states the reason for the sanction as, "To encourage all residents residing at the Brooklyn House to obey all rules and regulations of the program." Id. Third, the petitioner was given the opportunity to call witnesses and present evidence, but the petitioner chose not to call any witnesses and simply provided a statement declaring his innocence of the alleged crime that led to his arrest. Id. at 5. This Court notes that the petitioner signed his initials next to each of these requirements on the CDC Report. Id. Fourth, while the

petitioner is not illiterate and the matter does not appear to be complex, the petitioner was provided the opportunity to have a representative but waived that right. Id. The petitioner similarly initialed this waiver on the CDC Hearing Notice. Id. at 17. Finally, the petitioner does not allege – and no evidence shows – that the decision-maker was not impartial. Thus, it is apparent that the BOP provided the petitioner with adequate procedural due process pursuant to *Wolff*.

### D. Sufficiency of Evidence

"[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." ***Superintendent, Mass. Corr. Inst., Walpole v. Hill***, 472 U.S. 445, 455 (1985). The standard is satisfied if there is some evidence supporting the conclusion reached by the disciplinary board. *Id*. In *Hill*, a prison disciplinary board determined that three inmates violated prison rules by assaulting another inmate. The prison disciplinary board's conclusion was supported by little evidence: a "guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted. The guard saw three other inmates fleeing together down an enclosed walkway. No other inmates were in the area." *Hill*, 472 U.S. at 456. Despite little evidence supporting the conclusion, the Supreme Court held that the evidence was sufficient because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457.

In the instant case, the CDC, and consequently the DHO, relied largely on the

Incident Report filed by Robyn Causey, the Facility Director of the Brooklyn House RRC. [Doc. 15-2 at 6]. Her report included evidence of the petitioner's arrest from the DEA Headquarters Duty Officer and the petitioner's wife. Id. at 2. Thus, the DHO relied upon "some evidence" in concluding that the petitioner committed the charged offense and in revoking the petitioner's good conduct time.

This Court also notes that the petitioner does not contest the actual sufficiency of the evidence the DHO ultimately used but rather the accuracy of it. See [Doc. 5 at 6]. This Court agrees with the magistrate judge that the petitioner's claims in regard to the accuracy of the escape charge are entirely without merit. The BOP's Program Statement on Community Corrections and Correctional Contract Services clearly defines "Escape" as including "Escape Due to Community Arrest" either for old or new criminal behavior. See [Doc. 15-2 at 23]. Therefore, the petitioner's § 2241 due process claims lack merit.

### E. Privacy Act Issues

"[A] § 2241 habeas petition is not the appropriate vehicle for an alleged Privacy Act violation when . . . the claim does not implicate the duration of a sentence. **Blanton v. Warden**, 2011 WL 1226010 (W.D. Va. Mar. 30, 2011) (citing **Jackson v. Federal Bureau of Prisons**, 538 F.Supp. 2d 194, 198 (D.C. Mar. 14, 2008), and **Smith v. U.S. Parole Com'n**, 2005 WL 1594452, *2 (W.D. Va. June 29, 2005)). In addition to normal § 2241 allegations, the petitioner also suggests that the BOP has violated the Privacy Act by including inaccurate information in his file regarding this incident. In the instant case, however, the petitioner's sentence would not be impacted by the requested change to his prison file. Thus, the petitioner's Privacy Act claims are without merit. Furthermore, the

information contained in the petitioner's file is an accurate reflection of the incident. Therefore, the petitioner's Privacy Act claims must be dismissed.

### III. Objections

The petitioner raises three (3) objections [Doc. 21] to the magistrate judge's R&R. This Court will address each in turn. The first objection states that "the Bureau of Prisons [BOP's] policy and interpretation accords an arbitrary and invidious exercise of judgment with alleging an 'escape' on the premise of 'home confinement,' but does not adhere to the P.5502.01." Petitioner asserts that "escapes from non-secured facilities . . . [such as] Home Confinement, . . . 'are among [that which] the Guidelines suggest not be reported to the CODO [Correctional on Duty Officer] telephonically.'" Id. Thus, he claims that the respondent cannot support this violation, noting further that it is not supported with an affidavit. Id.

The petitioner's objection to the above policy is misplaced. The above policy represents a longstanding, stated BOP policy which was properly applied in this case. While the petitioner states that such violations are among those which the Guidelines *suggest* not be reported, it is within the clear discretion of the BOP to do so. Further, the record clearly shows that while an affidavit was not filed, the violation was supported by both a clear record of an arrest while on home confinement and the testimony of the petitioner's wife that he was not at his residence when the Brooklyn RRC placed a random call to be sure the petitioner was abiding by his terms of release. Accordingly, the petitioner did violate his conditions by being on technical escape status. As such, the objection **[Doc. 21]** is **OVERRULED**.

7

In his second objection, the petitioner asserts that the R&R completely ignores Federal Rule of Civil Procedure "12(b)(3)'s interpretation under the void for vagueness doctrine." Id. Therefore, the petitioner argues that nothing in the R&R's "finding over comes (*sic*) the 'void for vagueness' doctrine qualifying Home Confinement within the BOP's Prohibited acts and sanction pursuant to code 2012." Id. In support, the petitioner argues that "Ms. Causey completely over looked (*sic*) that at the time she placed petitioner on 'escape' status he was in the custody of DEA agents and conclusively provide that Ms. Causey, directive (*sic*) to conclude petitioner as 'escape' is simply untrue." Id.

This objection is similarly misplaced. The petitioner simply does not understand the nature of the offense. While it is true that at the time he was not at his residence when the RRC placed its random call, the petitioner was in DEA custody. The BOP's policy clearly provides that escape includes: "escape from any secure or non-secure institution, including community confinement." See BOP P.S. 5270.09. Additionally, P.S. 7300.09 of the Community Corrections Manual, indicates that the BOP includes in its definition of "escape," arrests while on home confinement. In its instructions to RRC's on how to complete escape reports, the BOP indicates that the RRC's are to use the escape form when inmates are arrested on home confinement. Id. Further, the Brooklyn House handbook – which is provided to all its residents – states under the title "Absconds/Escapes," that if any law enforcement authority arrests the inmate, the inmate will be placed on technical escape status. Id. Such was the case here. Accordingly, the petitioner's objection **[Doc. 21]** is **OVERRULED**.

In his third objection, the petitioner argues that "(1) Home confinement is not

8

incarceration and (2) the alternative as 'a proposition or situation offering a choice between two or more things only one of which may be chosen or one of two or more things, courses, or proposition to be chosen, makes perfectly clear is more of an (*sic*) 'voluntary' alternative to incarceration." Accordingly, he argues that the BOP's disciplinary assessment that a violation of code 200 "escape," is an inaccurate use of information to classify him as an escapee, when he was not in the Community Corrections Center Brooklyn House, but instead in his own house with his wife who openly admitted that he was under arrest when the Brooklyn House staff called. Therefore, he asserts that a "voluntary" placement in his own home is not a violation of the BOP's rules and regulations. Id. This objection appears to assert the same argument as objection number two above. Accordingly, for the same reasons, this objection **[Doc. 21]** is likewise **OVERRULED**.

### IV.  Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 19]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The Government's Motion to Dismiss, or in the Alternative, for Summary Judgment **[Doc. 14]** is **GRANTED**. Further, the petitioner's Objections **[Doc. 21]** are **OVERRULED**. Accordingly, the petition under 28 U.S.C. § 2241 **[Docs. 1 & 5]** is **DENIED** and **DISMISSED WITH PREJUDICE**. Therefore, this case is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby

**DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: July 30, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE